IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CARTRETTE, | : | CIVIL ACTION NO. **3:CV-14-2110** |
| | : | |
| Petitioner | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | **FILED** |
| | : | **SCRANTON** |
| Respondents | : | DEC **2 3** 2014 |

**MEMORANDUM**

PER_____ꓟᏀ_____
DEPUTY CLERK

I.      **INTRODUCTION**

On April 22 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254. (Doc. 1). The petition presents grounds attacking his conviction or the sentence

imposed or both. The sentence was imposed by the Court of Common Pleas of Adams County.

Petitioner challenges his August 23, 2012 revocation and sentence for a conviction

under the Controlled Substance, Drug, Device & Cosmetic Act in the Adams County,

Pennsylvania, Court of Common Pleas. In his Habeas Petition, Petitioner raises the following

ineffective assistance of counsel claims: (1) Counsel was ineffective for failing to seek the

appropriate credit for time served for the Intermediate Punishment Program ("IPP"); (2) Counsel

was ineffective for failing to have a detainer resolved while Petitioner was in the Maryland State

Prison; (3) Defense counsel was ineffective because "original Judge back in 2003 stated 'if I

violated IPP I could get up to 1-2 yrs. For each charge'"; and (4) Counsel was ineffective

because the maximum sentence is longer than the minimum.

On November 12, 2014, we issued a Show Cause Order granting Petitioner's Document 2 Motion to Proceed in forma pauperis and directing the Clerk of Court to serve a copy of the Petition on Respondents. (Doc. 5). On November 20, 2014, Respondents filed a Motion for Extension of Time to Respond to the Petition, which the Court granted in an Order dated November 21, 2014. (Docs. 7 and 8, respectively).

On December 10, 2014, Petition filed a motion to appoint counsel in the form of a letter to the Court requesting the appointment of counsel which we will now address. (**Doc. 11**).

## II.   DISCUSSION

Plaintiff states in his motion that he is indigent and unable to afford counsel. (Doc. 11). Appointment of counsel is discretionary with the court, *See*, 18 U.S.C. § 3006A(a)(2)(B), and counsel must be appointed for an indigent federal habeas corpus petitioner only when the interests of justice or due process so require. *Schultz v. Wainwright*, 701 F.2d 900 (11th Cir. 1983). No such conditions exist in the present case.

The court in *Wheeler v. Vaughn*, 2004 WL 73728 *4, n. 3. (E.D. Pa.) stated as follows:

> Any person seeking habeas relief may be granted counsel if the court determines that the interests of justice so require and such person is financially unable to obtain representation. 18 U.S.C. §§ 3006A(a)(2)(B). "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir.1991); *cf. Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir.1993) (holding that district courts should consider the following factors in determining whether to appoint counsel pursuant to 28 U.S.C. §§1915(e)(1): (1) the plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the amount a case is likely to turn on credibility determinations, (5) whether the case will require the testimony of expert witnesses, and (6) whether the plaintiff can attain and afford counsel on his own behalf).

In this case, Petitioner has demonstrated "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *Reese,* 946 F.2d at 264 (quoting *La Mere v. Risley,* 827 F.2d 622, 626 (9th Cir.1987)).  He cites to relevant statutory and constitutional law.  He has filed motions on his own behalf in this case.  Furthermore, the legal and factual issues raised in the Petition are not difficult and overly complex.  Moreover, Petitioner has not shown that this case will require in-depth factual investigations. Nor do we find that this habeas proceeding will require the testimony of expert witnesses.

Therefore, we find that the interests of justice do not require the appointment of counsel in this case.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 23, 2014**