# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN CARTRETTE,** | : | **CIVIL ACTION NO. 3:14-CV-2110** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 15th day of November, 2017, upon consideration of the report (Doc. 18) of Magistrate Judge Joseph F. Saporito, Jr., recommending that the court deny the petition (Doc. 1) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner John Cartrette ("Cartrette"), wherein Judge Saporito opines that Cartrette's petition suffers two fatal defects, to wit: procedural default and failure to exhaust his state court remedies, (see Doc. 18 at 4-8), and the court noting that Cartrette filed an objection (Doc. 19) to the report, see FED. R. CIV. P. 72(b)(2), and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in full agreement

with Judge Saporito's analysis, and finding same to be thorough, well-reasoned, and fully supported by the record, and finding Cartrette's objection (Doc. 19) to be without merit,[1] it is hereby ORDERED that:

1. The stay imposed by order (Doc. 20) dated May 27, 2015 is LIFTED.

2. The report (Doc. 18) of Magistrate Judge Saporito is ADOPTED.

3. Cartrette's petition (Doc. 1) for writ of habeas corpus is DENIED.

4. The court finds no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c); see also 28 U.S.C. § 2254, Rule 11(a).

5. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Cartrette indicated in his objection that he was pursuing state court remedies and requested that the court "extend[] time for federal review" until the state court resolved his appeal. (Doc. 19). Judge Kosik, to whom this matter was previously assigned, issued an order staying this action pending further order of court and directing Cartrette to file status reports at 60-day intervals. (Doc. 20 ¶¶ 1-2). No status reports were filed. The matter was reassigned to the undersigned judicial officer on February 21, 2017, whereupon the court issued an order (Doc. 21) directing respondents to file a report concerning the status of Cartrette's state court appeal. Respondents failed to file a report, and the court entered a second order (Doc. 22), this time mailing same directly to the office of respondent's counsel. On October 30, 2017, successor counsel appeared for respondents and filed a report (Doc. 25) advising that Cartrette never filed the appeal referenced in his objection. Counsel requested that the court lift the stay imposed by Judge Kosik. (Id. ¶ 9). Review of the state court docket confirms respondents' assertion that the appeal referenced in Cartrette's objection was never filed. The court will accordingly lift the stay imposed on May 27, 2015.